FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 3 0 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTER DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM T. SMITH                                                              PLAINTIFF

Vs.                          CASE NO. 3:21-cv-00120-DPM

CRITTENDEN COUNTY ROAD
DEPARTMENT                                                                    DEFENDANT

## COMPLAINT

### INTRODUCTORY STATEMENT

This is an action to redress employment discrimination, including harassment and disparate treatment based upon race (African American), and for retaliation in violation of Title VII; for a permanent injunction prohibiting the Defendant from engaging in the policies and practices alleged herein in violation of Title VII of the 1964 Civil Rights Act (as amended by the Civil Rights Act of 1991), 42 U.S.C. §2000e, *et.seq.*, and the Arkansas Civil Rights Act of 1993, A.C.A. 16-123-101, *et.seq.* This action is also brought pursuant to 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991. Plaintiff seeks full back pay as the result of his discriminatory failure to be promoted, benefits, compensatory and punitive damages, liquidated damages, prejudgment and post-judgment interest, reasonable attorney's fees and expenses, and any and all other relief to which he is entitled as the victim of racial discrimination, harassment and retaliation. As a direct result of the racial discrimination, harassment, and discharge suffered by the Plaintiff, he has suffered damages, including the loss of significant employment compensation, for which he seeks the relief set forth, *infra*.

This case assigned to District Judge MARSHALL
and to Magistrate Judge ERVIN

1

## JURISDICTION

1. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §2000e, *et.seq.* Plaintiff also seeks a permanent injunction and a declaratory judgment under 28 U.S.C. §§2201 and 2202, declaring that the Defendant discriminated and retaliated against him in the terms and conditions of his employment. This Court also has jurisdiction over Plaintiff's claims under the Arkansas Civil Rights Act pursuant to the plenary power of the Court to invoke its pendant jurisdiction over causes of action arising under the laws of the State of Arkansas.

2. Venue herein is proper under 28 U.S.C. §1391(b) and 42 U.S.C. §200E-5(f)(3), and the alleged unlawful employment practices were committed within the State of Arkansas, in the Eastern District thereof.

3. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission alleging racial discrimination, harassment, and retaliation. Charge no 493-2020-01207. Exhibit #1, EEOC Charge.

4. The Equal Employment Opportunity Commission issued to Plaintiff a Right to Sue on the race harassment and discrimination charge on 04/15/2021. A copy of the Notice is attached hereto as Exhibit #2 and incorporated herein by reference.

## PARTIES

5. Plaintiff was at all times relevant hereto a citizen of the United States and a resident of Crittenden County, Arkansas. Plaintiff's race is African American, and therefore he is a protected person within the meaning of Title VII and the Arkansas Civil Rights Act.

6. Title VII defines an "employer" to include a person engaged in an industry affecting commerce who has fifteen or more employees. 42 U.S.C.S. § 2000e(b). Title VII's statutory definition of a

2

"person" includes, inter alia, governments, governmental agencies, and political subdivisions. § 2000e(a). Murphy-Taylor v. Hofmann, 968 F. Supp. 2d 693, 703 (USDC Maryland 2013).

7. Defendant meets this criteria and is an employer as defined by applicable statute and case law.

## STATEMENT OF FACTS

8. Plaintiff was employed by Defendant on in June of 2016.

9. Most recently, Plaintiff was employed as a truck driver in the roads department.

10. During his tenure with the Defendant, the Plaintiff inquired about the pay rates of white truck drivers versus African American truck drivers with wholly similar qualifications and start dates.

11. White truck drivers were paid more than similarly qualified African American truck drivers hired on the same day.

12. White truck drivers were not required to take drug tests on the day they caused an accident, while African American truck drivers were required to take a drug test on the day of an accident.

13. Plaintiff was fired by the Defendant on May 11, 2020.

14. The stated reason for his termination was "insubordination". This claim stemmed from a meeting where the Plaintiff used profanity with his immediate supervisor and the County Judge.

15. In the same meeting, the Plaintiff's supervisor and the County Judge, both of whom are white, used profanity towards the Plaintiff first.

16. Only when the Plaintiff, who is African American, reacted with profanity did this become an "insubordination" issue.

17. At the Plaintiff's yard the Defendant allowed for patently racist materials to be posted, and remain posted. *See attached* Exhibit #3.

## APPLICABLE LAW

18. In 1973, the Supreme Court adopted a three-stage, burden-shifting framework for analyzing employment discrimination cases under Title VII where a plaintiff alleges disparate treatment but does not have direct evidence of discrimination. McDonnell Douglas, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668. Under the test, a plaintiff must first establish a *prima facie* case of discrimination by showing that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (*citing* McDonnell Douglas, 411 U.S. at 802). Once a plaintiff has established a *prima facie* case, a presumption arises that more likely than not the adverse conduct was based on the consideration of impermissible factors. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The burden then shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the disparate treatment. McDonnell Douglas, 411 U.S. at 802. If the employer articulates such a reason for its actions, the burden shifts back to the plaintiff to prove that the employer's reason "was in fact pretext" for discrimination. Id. at 804; *see* Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000) ("If such a reason is proffered, the burden shifts back to the plaintiff to prove that discrimination was the real reason for the employment action."). Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 82-83 (2nd Cir. 2015).

## COUNT I
## VIOLATION OF 42 U.S.C.§2000e, *et.seq.*
## Racial Discrimination and Harassment

19. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

20. The Defendant, by and through its agents and employees, has discriminated against and harassed Plaintiff because of race (African American) in that Plaintiff was treated differently as compared to similarly situated Caucasian employees.

21. Additionally, the reason(s) given by the Defendant for Plaintiff's different treatment are a mere pretext for discrimination based upon Plaintiff's race.

## COUNT II
## VIOLATION OF 42 U.S.C.§2000e, *et.seq.*
## Retaliation

22. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

23. When the Plaintiff made complaints about his treatment, pay, and environment, all directly related to his race, the Defendant took the materially adverse employment action against him by terminating him.

## COUNT III
## VIOLATION OF 42 U.S.C.§2000e, *et.seq.*
## Disparate Treatment

24. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

25. The Defendant paid similarly situated white employees more than equally qualified African Americans.

26. The Defendant did not require white employees to take drug tests on the day they caused an accident, while requiring African American employees to take the test on days they caused a collision.

27. Any explanation by the Defendant for this different treatment of members of different races is mere pretext to hide discrimination.

28. The disparate treatment suffered by the Plaintiff culminated in his termination. White employees were allowed to use profanity with the Plaintiff, but when the African American Plaintiff responded in kind he was terminated.

## COUNT IV
## VIOLATION OF 42 U.S.C.§2000e, *et.seq.*
### Hostile Work Environment

29. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

30. Plaintiff is a member of a protected group.

31. Plaintiff was subject to "unwelcome harassment" with a direct causal connection between his membership in a protect group and the harassment.

32. The harassment was so prevalent that it affected a term, condition or privilege of employment.

33. The harassment was objectively and subjectively offensive.

## COUNT V
## VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT

34. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

35. The acts and omissions alleged herein are in violation of the Arkansas Civil Rights Act of 1993, A.C.A 16-123-101, *et. seq.*, in that the Plaintiff was subjected to discrimination in

the terms and conditions of his employment based upon his race (African American), for which he seeks the relief set forth, *infra*.

## COUNT VI
## VIOLATION OF RIGHT TO BENEFITS UNDER CONTRACT

36. Plaintiff restates and incorporates by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

37. The Plaintiff had a contract of employment with the Defendant under the laws of the State of Arkansas. Such contract could not be terminated, nor could the Plaintiff be deprived of the benefits of the contract because of his race under the laws of the State of Arkansas.

38. Defendant intentionally deprived Plaintiff of the enjoyment of the benefits, privileges, terms, and conditions of the contractual relationship he had with the Defendant because of the Plaintiff's race.

39. Under Arkansas and federal law, an employer may not lawfully violate 42 U.S.C. § 1981 or the Arkansas Civil Rights Act by subjecting such an employee to a work environment that is hostile because of the Plaintiff's race.

40. Defendant violated 42 U.S.C. § 1981 by subjecting the Plaintiff to a hostile work environment.

## DAMAGES

41. Plaintiff restates and incorporates herein by reference the preceding paragraphs of his Complaint as if set forth herein verbatim.

42. Plaintiff, William Smith, has suffered damages in an amount in excess of the minimal amount for Federal Diversity Jurisdiction ($75,000) for the following elements:

 (1) Loss of employment compensation, benefits and promotional opportunities in the past;

 (2) Loss of reputation and self-esteem; and

 (3) Mental anguish and emotional distress.

Additionally, Plaintiff seeks punitive damages up to the limits permitted by law for violation of Title VII and in an indeterminate sum to be awarded by a jury for violation of 42 U.S.C. § 1981.

WHEREFORE, Plaintiff prays that this Court grant him the following relief against the Defendant:

 (1) Grant Plaintiff a jury trial;

 (2) For a Declaratory Judgment declaring that the Defendant has violated the rights of the Plaintiff as guaranteed by Title VII of the 1964 Civil Rights Act (as amended), 42 U.S.C. §2000e, *et. seq.*; the Arkansas Civil Rights Act, A.C.A 16-123-101, *et. seq.*, and 42 U.S.C. §1981 *et. seq.*;

 (3) Grant a permanent injunction prohibiting the Defendant from engaging in the harassment or retaliation and practices alleged herein in violation of 42 U.S.C.§2000e, *et.seq.*; and the Arkansas Civil Rights Act;

 (4) Award compensatory and punitive damages;

 (5) Award reasonable attorney's fees and litigation expenses;

 (6) Grant any and all other relief to which he is entitled.

***PLAINTIFF DEMANDS A JURY TRIAL***

Respectfully submitted,

**THE BRAD HENDRICKS LAW FIRM**
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444
(501) 661-0196 (fax)
tkitchens@bradhendricks.com

BY: _____
LLOYD W. "TRÉ" KITCHENS, ABN 99075

Respectfully submitted,

**THE BRAD HENDRICKS LAW FIRM**
500 C Pleasant Valley Dr.
Little Rock, AR 72227
(501) 221-0444
(501) 661-0196 (fax)
tkitchens@bradhendricks.com

BY: _____
LLOYD W. "TRÉ" KITCHENS, ABN 99075

## VERIFICATION

I have read the above and foregoing Complaint and it is true and correct to the best of my knowledge and belief. Wherein I set my hand and seal this 29th day of June, 2021.

_William Smith_
William Smith

STATE OF Arkansas )
COUNTY OF Pulaski ) ss

Sworn to and subscribed before me, a Notary Public, on this 29th day of June, 2021.

_Audra L. Murray_
NOTARY PUBLIC

My Commission Expires: _____

AUDRA L. MURRAY
MY COMMISSION # 12367826
EXPIRES: October 2, 2028
Pulaski County

1



# CHARGE OF DISCRIMINATION

493-2020-01207

**MR. WILLIAM Y SMITH**
714 REDBUD DR., WEST MEMPHIS, AR 72301
(870) 275-1846
1972

**CRITTENDEN COUNTY ROAD DEPT**
100 COURT ST., MARION, AR 72364
(870) 739-3072

DISCRIMINATION BASED ON: [X] RACE  [X] RETALIATION

DATE(S) DISCRIMINATION TOOK PLACE: 05-12-2020 — 05-11-2020

THE PARTICULARS ARE:

I was hired by the above-named employer in June 2016. Most recently, I was employed as a Truck Driver in the Roads Department. I was harassed, intimidated, denied Freedom of Information access to what should be public records, and subsequently discharged on or about May 11, 2020. I had requested information from the County Clerk regarding the pay salaries of all Truck Drivers in the Road Department. I also questioned why a White male Driver, who was paid more than a similarly-qualified Black hired on the same day, was not required to drug test on the same day of an accident he caused; while I was made to drug test on the same day someone hit me in an accident.

The reason given for my discharge was "insubordination." Specifically, I was considered to have been insubordinate when I used profanity in a meeting with my immediate supervisor and the County Judge, both of whom used profanity towards me first.

I believe I was treated differently in the terms and conditions of my employment with respect to the pattern and practice of applying the accident policy, along with being subjected to harassment and intimidation because of my race (Black) and in retaliation for

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by William Smith on 08-21-2020
01:06 PM EDT

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**EXHIBIT I**

# U.S. Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

To: William T. Smith
714 Redbud Dr.
West Memphis, AR 72301

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

EEOC Charge No.: 493-2020-01387

EEOC Representative: Tyrone Y. Blanks, Investigator

Telephone No.: (501) 324-5983

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

- [ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
- [ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.
- [ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
- [ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.
- [X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.
- [ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
- [ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

William A. Cash, Jr.,
Area Office Director

04/15/2021
(Date Issued)

Enclosures(s)

cc: Joe Rogers, Esq.
Attorney At Law
ROGERS COE & SUMPTER
P.O. Box 1666
West Memphis, AR 72303

EXHIBIT 2

